IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CASSANDRA A. MURRAY, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-15-0532 |
| MIDLAND FUNDING, LLC, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

*I. Background*

Previously, this Court remanded to Maryland state court Counts I and II of the complaint in this removed case and retained Counts III, IV, and V. (ECF Nos. 51, 52.) Now pending before the Court is Defendant Midland Funding, LLC's motion to dismiss the amended complaint. (ECF No. 34.) Defendant's motion to dismiss the original complaint (ECF No. 15) will be found moot based upon the filing of the amended complaint; as well, Defendant's motion to stay consideration of the first motion to dismiss (ECF No. 17) will be found moot based upon events occurring in state court prior to removal of the case to this Court. The motion has been briefed (ECF Nos. 54, 59), and no hearing is necessary, Local Rule 105.6 (D. Md. 2014). It will be granted in part and otherwise administratively closed pending resolution of a question certified to the Maryland Court of Appeals.

*II. Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555.

### III.  *Allegations of the Complaint*

Plaintiff's original complaint was filed in the Circuit Court for Anne Arundel County, Maryland, on April 25, 2014.  (Compl., ECF No. 2.)  *See also* Docket, 02-C-14-187207, Cir. Ct. Anne Arundel Cnty., http://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis, (Aug. 12, 2015).  Her amended complaint was filed there February 18, 2015.  Docket *id.*  Following removal and this Court's partial remand, the amended complaint's Counts III, IV, and V remain at issue, and the motion to dismiss will be considered as to them.

The complaint is pleaded as a putative class action.  As background for the three counts, Plaintiff Cassandra Murray alleges Midland Funding, LLC ("Midland"), improperly filed actions in Maryland state courts to collect on debts when it did not possess a license from the State of Maryland to engage in the business of debt collection.  (Am. Compl. ¶ 1, ECF No. 4.)  She further alleges that the judgments obtained in those actions are void and, therefore, the existence

of the judgments in the public records "and/or the enforcement of the judgments by garnishment, or payments collected through threat based on the judgments . . . caused, actually and proximately, the injury for which the Plaintiff seek [*sic*] redress." (*Id.* ¶¶ 2, 7.)

Murray alleges Midland filed on March 12, 2009, a consumer debt collection action against her in the District Court of Maryland for Baltimore City. (*Id.* ¶ 30.) Based upon the affidavit presented by Midland in connection with the District Court case, a judgment was entered against her in the total sum of $1,522.98. (*Id.* ¶ 34.) (According to the state court docket, judgment was entered against Murray on May 15, 2009. Docket, 010100086642009, http://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis (Aug. 12, 2015).) On April 26, 2011, Midland obtained a writ of garnishment against Murray's wages. (Am. Compl. ¶ 39.) Midland reported to the court on November 30, 2012, that the garnishment was completed. (*Id.*)

Murray alleges the Maryland Department of Labor, Licensing and Regulation "issued a cease and desist order against" Midland on September 16, 2009. (*Id.* ¶ 25.) She alleges Midland entered into a settlement agreement on December 17, 2009, with the State of Maryland and the Maryland State Collection Agency Licensing Board in the Office of the Commissioner of Financial Regulation; in that document, Midland agreed "a collection agency license is required for any entity which acquires debts in default and uses the court system, as a named party in the litigation, as a means to collect upon a consumer debt." (*Id.* ¶ 6.) Murray further alleges Midland operated as a debt collection agency, but without the requisite license, until January 14, 2010. (*Id.* ¶ 18.) Midland obtained its license on January 15, 2010. (*Id.* ¶ 22.)

Murray makes certain allegations that are conclusional and will not be accepted as true. For example, Murray alleges that Midland's use of the state courts has "clogged" them and that

Midland has achieved its goal of debt collection by obtaining "bogus judgments through the use of improper papers, litigation tactics, and evidentiary support." (*Id.* ¶ 1.) Additionally, she alleges, "In many instances, the debts allegedly acquired by Midland are not legally enforceable obligations." (*Id.* ¶ 9.) She also alleges that the affidavit submitted by Midland in support of its debt collection action was "bogus" (*id.* ¶ 34), but does not specify what part or parts of it are untrue. Further, she alleges the collection action against her was based upon a "purported contract," which "merged into the judgment and ceases to exist as a matter of law." (*Id.* ¶ 35.) Murray has provided no factual allegations to support these conclusions.

The Court notes Murray does not allege that she did not owe the debt for which Midland obtained a judgment against her. Also, she does not allege that Midland was not the lawful owner of the debt.

## IV. Analysis

Midland has advanced four arguments in support of its motion to dismiss.

1. Plaintiff's claims are barred by Maryland's three-year statute of limitations.
2. The amended complaint fails to state a claim under the Maryland Consumer Debt Collection Act ("MCDCA") (Count IV).
3. The amended complaint fails to state a claim for unjust enrichment (Count III).
4. The amended complaint fails to state a claim for money had and received (Count V).[1]

### A. *Statute of Limitations*

Midland contends that Maryland's general, three-year statute of limitations applies to Murray's remaining three claims and results in the barring of all of them. (Def.'s Mot. Dismiss

---

[1] This condensed statement of Midland's arguments is taken from its revised reply. (ECF No. 59.) Its motion to dismiss (ECF No. 34) was filed prior to the Court's ruling on Murray's motion to remand and, consequently, included arguments to dismiss Counts I and II, which are no longer before this Court following the partial remand order (ECF No. 52).

2.) *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (LexisNexis 2013). Section 5-101 provides, "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Conversely, Murray argues that any governing statute of limitations on her claims has not commenced and/or has not lapsed because, first, a collateral attack on a void judgment may be asserted at any time (Pl.'s Opp'n 6); second, a twelve-year statute of limitations for specialties applies because she is putting at issue the validity of a judgment against her (*id.* 8); third, all of Midland's activity to enforce the judgment against Murray occurred less than three years before the commencement of this action (*id.* 9); and fourth, the statute of limitations to attack a void judgment only begins running once the judgment is declared void (*id.* 13).

As to Murray's first point, it is true that in Maryland "a void judgment . . . is open to attack . . . in any proceeding, direct or collateral, and at any time or place, at least where the invalidity appears upon the face of the record." *Cook v. Alexandria Nat'l Bank*, 282 A.2d 97, 100 (1971); *Finch v. LVNV Funding LLC*, 71 A.3d 193, 205 (Md. Ct. Spec. App.), *cert. denied*, 77 A.3d 1084 (Md. 2013). However, the counts remaining before this Court do not include an attack upon the judgment against Murray as void because such determination is not within a federal court's subject-matter jurisdiction. *See Murray v. Midland Funding, LLC*, Civ. No. JKB-15-0532, 2015 WL 3874635, at *3, 2015 U.S. Dist. LEXIS 81664 (D. Md. June 23, 2015). As a result, her first argument is immaterial to resolution of the case. Additionally, Murray's fourth argument appears to rest on circular reasoning. She seems to draw a distinction between attacking a void judgment and declaring a judgment void, but she has not elucidated that distinction for the Court's benefit. In contrast, the Court can find no appreciable legal difference between the two. Therefore, it does not seem possible for the same event to serve as both a

trigger to start the statute of limitations running and to be the end result sought by the plaintiff by filing a litigation case. Consequently, her fourth argument is also without merit.

The Court does not find convincing Murray's second argument that a twelve-year statute of limitations applies. Notably, she cites no authority to support this notion. Section 5-102(a) provides,

> An action on one of the following specialties shall be filed within 12 years after the cause of action accrues, or within 12 years from the date of the death of the last to die of the principal debtor or creditor, whichever is sooner:
> (1) Promissory note or other instrument under seal;
> (2) Bond except a public officer's bond;
> (3) Judgment;
> (4) Recognizance;
> (5) Contract under seal; or
> (6) Any other specialty.

The statute does not define "specialty," but the wording of the statute indicates it applies to "an action *on* one of the following specialties" (emphasis added), and the Court infers the statute is meant to apply to an action to enforce rights granted by a specialty. This interpretation is consistent with application of the statute in Maryland case law. *See, e.g.*, *Choice Hotels Int'l v. Goodwin & Boone*, 695 A.2d 168, 171 (1997) (action by franchisor against franchisee based on agreement under seal governed by twelve-year statute of limitations); *McMahan v. Dorchester Fertilizer Co.*, 40 A.2d 313, 315-16 (1944) (applying twelve-year statute of limitations for initiation of action to collect on a note); *Johnson v. Foran*, 59 Md. 460, 461-63 (Md. 1883) (execution cannot be issued more than twelve years after judgment's date).

In the instant case, Midland has not brought an action "on" the judgment it obtained against Murray. Rather, it is Murray who is suing Midland and claiming Midland could not obtain its judgment against her and, therefore, it could not collect on the judgment. Murray's case against Midland is not an action *on* a specialty, and, hence, the twelve-year statute of

limitations does not apply. Instead, the three-year statute is applicable to her three claims in this Court. *See Master Financial, Inc. v. Crowder*, 972 A.2d 864, 868, 874 (Md. 2009) (three-year limitation period applicable to action under Maryland Consumer Protection Act ("MCPA") and to action for money had and received); *Ahmad v. Eastpines Terrace Apts., Inc.*, 28 A.3d 1, 9 (Md. Ct. Spec. App. 2011) (noting unjust enrichment claim is action "at law" and subject to three-year limitation of Section 5-101).

As earlier noted, Murray filed this case on April 25, 2014. Thus, any conduct by Midland prior to April 26, 2011, may not be the subject of any of the three counts. Consequently, Murray's complaints about Midland's actions in filing suit against Murray and prosecuting it to judgment, all of which occurred in 2009, are barred under Section 5-101. Murray correctly points out that Midland's actions in collecting on the judgment come within the limitations period. Whether they constitute a claim for relief will be addressed *infra*.

### B. Sufficiency of Claims for Relief

The Court is unable to address the viability of Murray's claims—under the theories of unjust enrichment (Count III), of statutory violation of the MCPA, incorporating the MCDCA (Count IV), and of money had and received (Count V)—without guidance from the Maryland Court of Appeals. The question presented is whether Midland's collection activities after it obtained its collection agency license but on judgments it obtained before it received its license constitute a valid basis for cognizable claims under Plaintiff's theories listed above. The *Finch* decision of the Court of Special Appeals, on which Plaintiff's case is based, did not address this question. The Court will certify the question to Maryland's highest court. While awaiting that court's ruling, the undersigned will administratively close the motion.

*V. Conclusion*

In accordance with the foregoing opinion, it is hereby ORDERED:

1. Defendant's motion to dismiss (ECF No. 15) is MOOT.

2. Defendant's motion to stay (ECF No. 17) is MOOT.

3. Defendant's motion to dismiss (ECF No. 34) is GRANTED IN PART. The three-year statute of limitations applies to Plaintiff's claims.

4. Otherwise, Defendant's motion to dismiss (ECF No. 34) is ADMINISTRATIVELY CLOSED.

5. Further proceedings are STAYED pending ruling by the Maryland Court of Appeals on the question certified to it.

DATED this 18th day of August, 2015.

                                                  BY THE COURT:

                                                  _____/s/_____
                                                  James K. Bredar
                                                  United States District Judge